## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| LED CRAFT, INC. and DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.      Plaintiff Scott Dolemba brings this action against defendant LED Craft, Inc. to secure redress for the placement of robocalls to his cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1 ("IATDA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

## PARTIES

5.      Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6.      Defendant LED Craft, Inc., is a Missouri corporation.  Its registered agent and office is Hyeon Cheol Chang, 422 Industrial Drive, Maryland Heights, Missouri 63043.

7.      Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

8.      On April 4, 2017, plaintiff Scott Dolemba received a telephone call on his cell phone from 630-915-9299. (Exhibit A)

9.      Plaintiff Scott Dolemba answered the call when it came in. The call was answered by an automated system with a recorded or computer-generated message listing menu options. After pressing 1 to speak to a representative, plaintiff heard another message which informed him that all reps were busy and that a representative would call him back.

10.     A few minutes later on April 4, 2017, plaintiff received another telephone call on his cell phone from 314-942-1159.  (Exhibit B)

11.     Plaintiff Scott Dolemba answered the call when it came in. Plaintiff was subsequently connected with a live caller who confirmed that they had just called Plaintiff.  The caller identified himself as "Dean" and stated that he was calling from LED Craft, Inc.

12.      Discovery may reveal additional unsolicited, automated telemarketing calls as well.

13.     Plaintiff has no prior relationship with defendant and had not authorized the automated phone calls to his cell phone. Plaintiff did not furnish his cell phone number to defendant.

14.     On information and belief, the calls were placed using an automated telephone dialing system which had the capacity to produce or store and dial randomly or sequentially, and/or used an artificial or pre-recorded voice message system.

15.     Defendants either negligently or willfully violated the rights of plaintiff and other recipients in placing the calls.

16.     Plaintiff suffered damages as a result of receipt of the calls. Furthermore, plaintiff's statutory right of privacy was invaded.

17.     Plaintiff is entitled to statutory damages.

18.     Defendants violated the TCPA even if their actions were only negligent.

19.     Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

20.     Plaintiff incorporates paragraphs 1-19.

21.     The TCPA provides, at 47 U.S.C. §227(b):

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded**

3

voice–

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

22.　　The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23.　　Defendants violated the TCPA by using equipment that placed automated calls to plaintiff and other members of the putative class' cell phones.

24.　　Plaintiff and each class member is entitled to statutory damages.

25.　　Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory right of privacy was invaded.

26.     Defendant violated the TCPA even if their actions were only negligent.

27.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

28.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls on a cellular telephone from or on behalf of LED Craft, Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

29.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

30.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.     Whether defendant engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

      b.     The manner in which defendants compiled or obtained their list of telephone numbers;

      c.     Whether defendants obtained the consent of the called parties;

      d.     Whether defendants thereby violated the TCPA.

31.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

33.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

34.     Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.,* 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,,* 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza,* 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009);

*Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC,* 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.,* 245 Ga.App. 363, 537 S.E.2d 468 (2000).

35.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.     Statutory damages;

        b.     An injunction against further violations;

        c.     Costs of suit; and

        d.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

36.     Plaintiff incorporates paragraphs 1-19.

37.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by phoning multiple automated robocalls to plaintiff Scott Dolemba's cell phone.

38.     Defendants' conduct is contrary to public policy, as set forth in the TCPA.

39.     Plaintiff suffered damages as a result of receipt of the calls. Plaintiff's phone was also unusable for the duration of the alleged robocalls. Plaintiff's statutory right of privacy was invaded.

40.     Defendants engaged in such conduct in the course of trade and commerce.

41.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

42.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in Illinois area codes (b) who, on or after a date three years prior to the filing of this action, (c) received calls on a cellular telephone from or on behalf of LED Craft, Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

43.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

44.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.     Whether defendant engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

        b.     The manner in which defendants compiled or obtained their list of telephone numbers;

        c.     Whether defendants obtained the consent of the called parties;

        d.      Whether defendants thereby violated the ICFA.

45.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

46.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

47.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

48.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.      Actual damages;

        b.      An injunction against further violations;

        c.      Attorney's fee, litigation expenses and costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

## COUNT III - ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT

49.     Plaintiff incorporates paragraphs 1-19.

50.     The IATDA, 815 ILCS 305/30 provides:

Section 30. Violations.

(a)    It is a violation of this Act to make or cause to be made telephone calls utilizing an autodialer to any emergency telephone number as defined in Section 5. It is a violation of this Act to make or cause to be made telephone calls utilizing an autodialer in a manner that does not comply with Section 15.

(b)    It is a violation of this Act to play a prerecorded message placed by an autodialer without the consent of the called party.

(c)    Enforcement by customer. Any customer injured by a violation of this Act may bring an action for the recovery of damages. Judgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees.

(c-5)    In addition to the damages authorized under subsection (c), a consumer may obtain statutory damages in the amount of $500 per violation. . . .

51.    Section 15 of the IATDA, 815 ILCS 305/15 provides:

Section 15. Method of Operation.

(a)    No person shall operate an autodialer in this State to place a telephone call during the hours between 9 p.m. and 9 a.m.

(b)    All autodialers operated within the State of Illinois shall disconnect within 30 seconds after termination of the call by the subscriber or the autodialer. Where disconnection in the 30 seconds is technically not feasible, the autodialer shall utilize a live operator who shall:

    (1)    State his name, the name, address and telephone number of the business or organization being represented and the purpose of the call; and

    (2)    inquire at the beginning of the call whether the person called consented to hear the prerecorded message.

(c)    An autodialer shall not be used to dial numbers determined by successively increasing or decreasing integers.

(d)    An autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is

10

capable of allowing the display of the solicitor's telephone number.

52.     Section 20 of the IATDA, 815 ILCS 305/20, provides:

Section 20.  Exemptions.

(a)     Except as provided in subsection (b), the provisions of this Act shall not apply to the following types of telephone calls made by an autodialer:

(1)     calls made in response to an express request of the person called;

(2)     calls made to any person with whom the telephone solicitor has a prior or existing business relationship;

(3)     a telephone all placed on behalf of any political, charitable, public opinion polling, research survey, or radio or television broadcast rating organization.

(b)     Notwithstanding the provisions of subsection (a), all calls made by an autodialer must be made in compliance with the requirements of subsection (d) of Section 15.

53.     "Autodialer" or "Autodialer System" is defined in 815 ILCS 305/5(a) as:

any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system.

54.     Defendants violated the IATDA by using equipment that connected to the phones of plaintiff and other members of the putative class members with a recorded message.

55.     The unsolicited, autodialed, recorded message plaintiff received on April 4, 2017 at 8:38 a.m. (Exhibit A) was placed by or on behalf of defendants, and was not associated with a burglar alarm system, voice message system or fire alarm system.

56.     The unsolicited, autodialed, recorded message plaintiff received on April 4, 2017 at 8:38 a.m. (Exhibit A) was placed by or on behalf of defendants, not any political, charitable,

public opinion, research survey, or radio or television broadcast rating organization.

57.　　Plaintiff and each class member are entitled to statutory damages, attorney's fees and costs.

58.　　Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated, recorded message robocalls and their statutory right of privacy was invaded.

## CLASS ALLEGATIONS

59.　　Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the Illinois area codes (b) who, on or after a date two years prior to the filing of this, (c) received calls from defendant LED Craft, Inc. on their phones, (d) placed using an automated dialer and a recorded message.

60.　　The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

61.　　There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.　The predominant common questions include:

        a.　　Whether defendants engaged in a pattern of using automated equipment to place phone calls to telephone numbers in the Illinois area codes;

        b.　　Whether defendant's equipment connected telephones with a recorded message;

        c.　　The manner in which defendants obtained the phone numbers; and

        d.　　Whether defendants thereby violated the IATDA.

62.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business

practices.  Neither plaintiff nor plaintiff's counsel has any interests which might cause them not

to vigorously pursue this action.

63.    A class action is an appropriate method for the fair and efficient adjudication of

this controversy.  The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring

individual actions.

64.    Management of this class action is likely to present significantly fewer difficulties

than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

the class and against defendants for:

        a.     Statutory damages;

        b.     Attorney's fees and costs of suit; and

        c.     Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A



New contact

Update contact

(630) 915-9299  

 Apr 4 (Tue) 8:38 AM
00:00:57

# <u>EXHIBIT B</u>



New contact

Update contact

(314) 942-1159  

Apr 4 (Tue) 8:45 AM

Apr 4 (Tue) 8:44 AM
00:00:34